**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ZACHARY MARTINEZ *individually and on behalf of others similarly situated*, | CIVIL ACTION NO.: 1:24-cv-7409 |
| Plaintiff, | **FLSA COLLECTIVE AND CLASS-ACTION COMPLAINT** |
| -against- | |
| 267 DEVELOPMENT LLC and CHOICE NY PROPERTY MANAGEMENT, LLC, | JURY TRIAL |
| Defendant. | |

Plaintiff, ZACHARY MARTINEZ, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through his attorneys, Song Ramin PLLC, complaining of the Defendants, 267 DEVELOPMENT LLC and CHOICE NY PROPERTY MANAGEMENT, LLC, (collectively referred to as "Defendants"), hereby alleges as follows:

## NATURE OF THE ACTION

1. This action is brought to recover unpaid minimum and overtime wages, spread-of-hours pay, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"); § 190 et seq. of the New York Labor Law ("NYLL"); Article 9 of the NYLL; Real Property Tax Law §421-A; and NYC Administrative Code §6-130, on behalf of Plaintiffs.

2. Defendants systematically and intentionally ignored the requirements of the FLSA and NYLL. Plaintiffs seek injunctive and declaratory relief against Defendants' unlawful actions, compensation for unpaid minimum and overtime wage, spread-of-hours pay, liquidated damages, compensatory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

3. This court has subject matter jurisdiction of this case pursuant to 29 U.S.C.

§216(b), 28 U.S.C. §1331 and 1337, and has supplemental jurisdiction over Plaintiffs' claims under the NYLL, Real Property Tax Law §421-A; and NYC Administrative Code §6-130 pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391. All facts alleged in this Complaint occurred at the apartment building managed by Defendants, which is located in the Eastern District of New York.

## PARTIES

5. The Plaintiff Zachary Martinez is an individual who resides in County of Kings, City and State of New York.

6. The Defendant 267 Development LLC ("267") is a foreign limited liability company organized and existing under the laws of the State of Delaware. Upon information and belief, it maintains its principal place of business at 152 West 57th St, 45th Fl, New York, NY 10019.

7. The Defendant CHOICE NY PROPERTY MANAGEMENT, LLC ("Choice") is a domestic limited liability company organized and existing under the laws of New York State. Upon information and belief, it maintains its principal place of business at 28 Liberty St., New York, NY, 10005.

8. Upon information and belief, Defendant 267 Development LLC is the owner and landlord of the residential apartment building located at 267 6th St, Brooklyn, NY 11215 a/k/a 365-381 4th Avenue Brooklyn, NY 11215: Block 987: Lot 1 (the Premises").

9. Upon information and belief, Defendant Choice is the property manager for the Premises.

10. The Premises is subject to the Office of the Comptroller, City of New York Building Service Employee Prevailing Wage Schedule ("Prevailing Wage Schedule").

11. The Prevailing Wage Schedule provides that:

"Building service employees on public contracts must receive not less than the prevailing rate of wage and supplements for the classification of work performed. In accordance with Labor Law Article 9 the Comptroller of the City of New York has promulgated this schedule of prevailing wages and supplemental benefits for building service employees engaged on New York City public building service contracts in excess of $1,500.00."

*See* https://comptroller.nyc.gov/wp-content/uploads/documents/BuildingServiceEmployeeSchedule-2024-2025-Preliminary.pdf (last visited June 27, 2024).

12. In fact, Defendant Choice and the building owner of another property located in Queens County recently settled with the Office of the Comptroller for violations of the Prevailing Wage Schedule.

13. This lawsuit is being commenced in order to stop Defendants from ". . . reap[ing] tax breaks like 421-a and not pay[ing] their employees the required wages and benefits."[1]

14. The Premises indeed received 421-a tax benefits when it was built in 2013.

15. Plaintiff worked as the live-in Resident Manager, performing mechanical and/or technical maintenance duties at the Premises from on or about June of 2022 until on or about February 12, 2024.

16. Plaintiff was employed by Defendant Choice and 267 for the duration of his employment.

**FACTUAL ALLEGATIONS**

---

[1] Statement from Brad Lander, Comptroller: "Queens Condo Mgmt Must Pay $119K For Workers Stiffed Out Of Benefits." Matt Troutman, April 11, 2024 Patch https://patch.com/new-york/queens/queens-condo-mgmt-must-pay-119k-workers-stiffed-out-benefits

*Defendants Constitute Joint Employers*

17. Defendant Choice, in conjunction with Defendant 267, manages and operates the Premises at which Plaintiff worked in Brooklyn.

18. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

19. Each Defendant possessed substantial control over Plaintiffs' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, referred to herein.

20. Defendants jointly employed Plaintiff and are Plaintiffs' employers within the meaning of 29 U.S.C. § 201 *et seq.* and the NYLL.

21. At all relevant times, Defendants were Plaintiff's employers within the meaning of FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

*Individual Plaintiff*

22. Plaintiff seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

23. Specifically, Plaintiff seeks to represent all employees of Defendants that are subject Prevailing Wage Schedule that by training and experience, possess a certain amount of mechanical or technical skills and devote more than fifty (50) percent of their working time at the Premises using such skills.

24. Plaintiff was employed by Defendants from on or about June of 2022 until on or about February 12, 2024

25. Plaintiff worked as the "Resident Manager" at the Premises.

26. Despite his title, Plaintiff's work duties required neither discretion nor independent judgment.

27. Plaintiff's work consisted of turning over apartments, cleaning, and handling the maintenance tickets on the building's maintenance complaint system that didn't require an outside vendor. More specifically, this included plumbing fixture removal and installation, blind replacement and repair, outlet replacement, light fixture repair and installation, bathtub repair, toilet repair, drainage clog removal, appliance installation and repair, and basic carpentry work.

28. From the entirety of his employment, Plaintiff worked approximately 55 hours a week, being scheduled as the Resident Manager during his set hours, and acting as "on-call" for various building maintenance tickets during the weekend.

29. During his employment, Plaintiff's set working hours were 8 AM to 4:30 PM on Monday to Friday.

30. Because of the nature of his employment, Plaintiff was frequently called upon by Defendants to perform work outside of his working hours.

31. In a building with over 100 units and four major common areas, accumulating tasks such as garbage collection and common space maintenance were often delegated to him by Defendants as the only hands available on a short notice basis.

32. In at least one instance, Plaintiff was forced to paint all the hallways of the Premises, which required multiple overnights, and was witnessed by residents of the building.

33. Defendants very rarely compensated Plaintiff for overtime, and only in the instance of Plaintiff reminding them and asking for it.

34. Pursuant to the Prevailing Wage Schedule, the prevailing wage rate per hour for a

residential building handyperson between July 1, 2022 until December 31, 2022 was $29.80 per hour with a supplemental benefit rate of $14.26 per hour.

35. Pursuant to the Prevailing Wage Schedule, the prevailing wage rate per hour for a residential building handyperson between January 1, 2023 until April 20, 2023 was $29.80 per hour with a supplemental benefit rate of $14.77 per hour

36. Pursuant to the Prevailing Wage Schedule, the prevailing wage rate per hour for a residential building handyperson between April 21, 2023 until December 31, 2023 was $30.68 per hour with a supplemental benefit rate of $14.77 per hour.

37. Pursuant to the Prevailing Wage Schedule, the prevailing wage rate per hour for a residential building handyperson between January 1, 2024 until the end of Plaintiff's employment was $30.68 per hour with a supplemental benefit rate of $15.20 per hour.

38. For the duration of employment with Defendants, Plaintiff was paid a weekly paycheck of $927.18 per week after deductions. This was calculated at a fixed rate of $31.50 per hour for the prescribed 40 hours a week.

39. On direct deposit statements, it would reflect that Defendants had only ever marked down 40 hours regardless of how much time Plaintiff had actually worked that week.

40. In actuality, Defendants did not have any sort of record-keeping system in place to track the time of its employees.

41. Plaintiff rarely received any overtime compensation for the hours over 40 that he worked every week nor any spread of hours compensation for any days in which he worked over 10 hours.

42. In the rare case overtime compensation was paid, it was paid several weeks later, after insistent reminder.

43. Defendants did not provide Plaintiff with an accurate statement of wages, as required by NYLL 195(3).

44. Defendants also failed to provide Plaintiff with a written notice of his rate of pay, regular pay day, and such other information as required by NYLL§195(1).

45. Towards the end of Plaintiff's employment, Defendants on or about November 7, 2023 provided Plaintiff with a "Notice and Acknowledgement of Pay Rate" that stated his hourly rate was "$31.50" and confirmed that no allowances were deducted for lodging, meals, and tips.

46. The belated Notice and Acknowledgement of Pay Rate provided by Defendants towards the end of Plaintiff's employment says that the "Notice was given at the time of hiring."

47. Defendants' non-compliance with NYLL§195(1) and NYLL 195(3) essentially tricked Plaintiff into thinking he was being paid above the standard NYLL minimum wage rate of $15.00 when in actuality Defendants were violating the Prevailing Wage Schedule and not even paying Plaintiff the hourly rate he was entitled to. Due to the foregoing, Defendants' non-compliance with the applicable provisions of the NYLL concerning wage statements and notices caused Plaintiff to suffer an injury in fact, which is a concrete and particularized injury, directly caused by Defendants' scheme and conduct of lying to Plaintiff about the hourly rate he was entitled to under the law.

*Defendants' General Employment Practices*

48. As part of their regular business practices, Defendants have intentionally and repeatedly harmed Plaintiff by deliberately classifying Plaintiff as an independent contractor for the purpose of withholding overtime pay and circumventing statutory employee protections.

49. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40

hours a week without paying them an appropriate spread of hours pay and overtime compensation as required by federal and state law.

50. Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

51. Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

52. Defendants failed to keep accurate records of hours worked by Plaintiff as required by the FLSA and the NYLL.

53. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs worked, and to avoid paying Plaintiffs properly for their full hours worked.

54. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to Plaintiff and other employees.

## FLSA COLLECTIVE ACTION CLAIMS

55. Plaintiffs bring their FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period")

56. At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols

and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA.

57. The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

(New York Labor Law – Unpaid Minimum Wage)

58. Plaintiffs repeats and re-allege the foregoing allegations contained in paragraphs 1 through 40 as if fully set forth herein.

59. Defendants are employers within the meaning of the NYLL §190 *et seq.*, 651(5), and 652, and supporting New York State Department of Labor Regulations.

60. Defendants failed to pay Plaintiffs the minimum wages to which they were entitled under the NYLL and specifically under the Prevailing Wage Schedule.

61. Defendants have willfully violated the NYLL and the Prevailing Wage Schedule by knowingly and intentionally failing to pay Plaintiff the minimum hourly wages.

62. As a result of Defendants' willful violations of the NYLL and the Prevailing Wage Schedule, Plaintiffs have suffered damages by being denied minimum wages in accordance with the NYLL in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs of this action.

## SECOND CAUSE OF ACTION
(Fair Labor Standards Act – Unpaid Overtime)

63. Plaintiffs repeat and re-allege the foregoing allegations contained in paragraphs 1 through 45 as if fully set forth herein.

64. At all times relevant to this action, Defendants were Plaintiffs' employers (and

employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

65. Defendants were required to pay Plaintiffs one and one-half (1.5) times their regular rate of pay for all hours worked in excess of 40 hours in a workweek pursuant to the overtime wage provisions of 29 U.S.C. § 207, *et seq*.

66. Defendants failed to pay Plaintiff (and the FLSA Class members) the overtime wages to which they were entitled under the FLSA.

67. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff (and the FLSA Class Members) all due overtime wages.

68. Due to Defendants' violations of the FLSA, Plaintiff (and the FLSA Class members) is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## THIRD CAUSE OF ACTION
(New York Labor Law – Unpaid Overtime)

69. Plaintiff repeats and re-alleges the foregoing allegations contained in paragraphs 1 through 51 as if fully set forth herein.

70. Under the NYLL and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiff one and one half (1.5) times the regular rate of pay for all hours that he worked in excess of 40 in a workweek.

71. Defendants failed to pay Plaintiff the overtime wages to which they were entitled under N.Y. Labor Law § 652, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

72. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff all due overtime wages.

73. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover

unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

## FOURTH CAUSE OF ACTION
(New York Labor Law – Spread-of-Hours Pay)

74. Plaintiff repeats and re-alleges the foregoing allegations contained in paragraphs 1 through 56 as if fully set forth herein.

75. Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than ten hours.

76. By Defendants' failure to pay Plaintiff spread-of- hours pay, Defendants willfully violated the NYLL Article 19, §§ 650, *et seq*., and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10, and 146-1.6.

77. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

## FIFTH CAUSE OF ACTION
(New York Labor Law – Violation of the NYLL Notice and Recordkeeping)

78. Plaintiff repeats and re-alleges the foregoing allegations contained in paragraphs 1 through 60 as if fully set forth herein.

79. Defendants failed to provide Plaintiff with a written notice of his rate of pay, regular pay day, and such other information as required by NYLL§195(1).

80. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
(New York Labor Law – Violation of the NYLL Wage Statement Provisions)

81. Plaintiff repeats and re-alleges the foregoing allegations contained in paragraphs

1 through 62 as if fully set forth herein.

82. Defendants did not provide Plaintiff with a statement of wage with each payment of wages, as required by NYLL 195(3).

83. Due to Defendants' violation of NYLL § 195(3), Plaintiff is entitled to recover from Defendants liquidated damages of $300 per workweek that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter a judgment:

a. declaring that Defendants have violated the minimum and overtime wage provisions of the FLSA, the NYLL and the Prevailing Wage Schedule;

b. declaring that Defendants have violated the spread-of-hours pay provisions of the NYLL and New York State Department of Labor Regulations;

c. declaring that Defendants violated the notice provisions of the NYLL and WTPA;

d. declaring that Defendants have violated the employee classification provisions of the FLSA;

e. declaring that Defendants' violations of the FLSA and NYLL were willful;

f. enjoining future violations of the FLSA and NYLL by Defendants;

g. awarding Plaintiff and the FLSA Class members damages for unpaid minimum and overtime wages, unlawfully retained gratuities, and spread-of-hours pay;

h. awarding Plaintiff and the FLSA Class members liquidated damages in an amount equal to two times the total amount of the wages found to be due pursuant to the FLSA and the NYLL;

i. awarding Plaintiff liquidated Damages as a result of Defendants' failure to furnish wage statements and annual notices pursuant to the NYLL;

j. awarding Plaintiff pre- and post-judgment interest under the NYLL;

k. awarding Plaintiff and the FLSA Class members reasonable attorneys' fees and

        costs pursuant to the FLSA and the NYLL;

l.     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

m.    awarding such other and further relief as the Court deems just and proper.

Dated: October 23, 2024
       Bayside, New York

                                                **SONG RAMIN PLLC**
                                                *Attorneys for the Plaintiff and Proposed Class/Collective*

                                                /s/ *Farzad Ramin*
                                                Farzad Ramin, Esq.
                                                40-21 Bell Blvd., Second Floor
                                                Bayside, New York 11361
                                                Tel (718) 321-0770
                                                Email: framin@songramin.com